EDWARDS, Judge.
Defendant appeals from a trial court decision in favor of plaintiff, holding that plaintiff and other school boards are exempt from paying to defendant, a 1% sales tax on the items plaintiff purchases or consumes.
There is presently a 4% state-wide sales tax on all items purchased or consumed in Louisiana. The history of the 4% state sales tax is as follows:
a. 2% State sales tax enacted in 1962 as per LSA-R.S. 47:302;
b. 1% additional State sales tax enacted in 1970 as per LSA-R.S. 47:321.
c. 1% additional State sales tax enacted in 1984 as per LSA-R.S. 47:331.
Thus prior to the enactment of LSA-R.S. 47:331, plaintiff was required to pay to the state, a 3% sales tax for items plaintiff purchased or bought to consume.
In 1980, in the midst of financially good times, the state legislature enacted LSA-R.S. 47:305.29. This statute exempted plaintiff, other school boards and certain political bodies from paying the aforementioned 3% state sales tax. This statute reads as follows:
The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, parish hospital service districts, and parish and municipal libraries.
In 1984, in the midst of hard times for the state and at a time of decreasing state revenue, the state legislature enacted LSA-R.S. 47:331, which increased the state sales tax from 3% to 4%, however the plaintiff remained exempt from paying this increased 1% sales tax as well as the prior 3%. When the financial future for the State'of Louisiana looked even bleaker, the 1986 legislature adopted House Concurrent Resolution # 55.[1] This resolution, which was passed by a two-third (%) majority of the legislature, suspended all exemptions from the payment of the 1% state sales tax enacted in 1984 pursuant to LSA-R.S. 47:331.
House Concurrent Resolution # 55 reads as follows:
Whereas, whenever the condition of the state fisc would permit, the Legislature of Louisiana has attempted to afford tax relief to its citizenry in the form of various exemptions from the sales and use tax; and
Whereas, due to the unforeseen crisis in oil and gas production and prices and the resulting drop in state revenues, the financial condition of the state is now such that the monies lost due to these exemptions are critically needed to avoid cessation of vital services to those same citizens.
Therefore, be it resolved that the Legislature of Louisiana hereby suspends the exemptions from the additional one per-centum tax levied pursuant to R.S. U7:331 including but not limited to the exemptions provided in Chapter 2 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950 insofar as they are made applicable to the additional one per-centum tax levied pursuant to R.S. 47:331 by virtue of the provisions of R.S. 47:332 and suspends R.S. 47:332 (B), (C), and (D).
Be it further resolved that the collection of such tax by the dealer in accordance *514 with the provisions of R.S. 47:303 shall not be impaired by any rule, regulation, or order of any public body, agency, or authority.
Be it further resolved that this suspension shall become effective on July 1, 1986, and shall extend through June 30, 1987.
This resolution clearly defines the purpose of the suspension and delineates those who would be affected by it. The exemption which plaintiff had relied upon in the past, LSA-R.S. 47:305.29, is in Chapter 2 of Subtitle II of Title 47 and thus was included in the suspension. The result of this resolution was that plaintiff and others would remain exempt from collecting and paying to the state the 3% state sales tax, but required them to collect and pay to the defendant state agency, the last 1% sales tax enacted in 1984.
In July 1986, the State Department of Revenue and Taxation (defendant herein), contacted plaintiff and all other school boards, and notified them of the necessity to begin collecting the aforementioned 1% sales tax. Plaintiff paid this tax under protest and thereafter filed suit, alleging they were still exempt from paying any sales tax to the State.
After this suit was filed, the Legislature adopted Act 20 of the 1986, First Extraordinary Session. This act amended in part and repealed in part LSA-R.S. 47:332. The amended statute reads as follows:
A. The provisions of Chapter 2 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950 shall be applicable to the additional one percentum tax herein levied and shall be collected, under such rules and regulations as the secretary of the Department of Revenue and Taxation shall promulgate and adopt, in the manner now or hereafter prescribed for collection of the sales tax levied and collected pursuant to the provisions of said Chapter 2 and shall be subject to the same definitions, exemptions, tax credits, penalties, and limitations now or hereafter prescribed in said Chapter 2.
B. Notwithstanding any other provisions of law to the contrary, including but not limited to any contrary provisions of this Section, for the period January 1, 1987 through June 30, 1988, the tax exemptions provided in Chapter 2 of Subtitle II of Title Jt7 of the Louisiana Revised Statutes of 1950 shall be inapplicable, inoperable and of no effect on the tax imposed and levied pursuant to the provisions of R.S. 4-7:331. (Emphasis mine).
C. Repealed by Acts 1986, 1st Ex.Sess., No. 20, § 2, eff. Jan. 1, 1987.
D. Repealed by Acts 1986, 1st Ex.Sess., No. 20, § 2, eff. Jan. 1, 1987.
Comparing Act 20 with House Concurrent Resolution 55, it is apparent that Act 20 was promulgated to clarify any discrepancy in which tax exemptions were suspended. Both clearly state that the exemptions listed in Chapter 2 of Subtitle II are hereby suspended; H.C.R. 55 states a period of suspension from July 1,1986 through June 30, 1987, while the clarifying Act 20, signed by the Governor on December 24, 1986 states an effective period of Jan. 1, 1986 through June 30, 1987.
On May 21, 1987, Judge Frank Foil of the 19th J.D.C. rendered judgment in favor of plaintiff finding that both H.C.R. # 55 and Act 20 of 1986, intended to keep the exemption listed in LSA-R.S. 47:305.29.
In review of the record before this court and particularly H.C.R. # 55 in its original form, which was narrowly tailored to suspend only a few exemptions, we find there was clear legislative intent to suspend all exemptions from the additional 1% sales tax instituted under LSA-R.S. 47:331. As H.C.R. # 55 progressed from its introduction in the House, to its final amended form, it was transformed from a narrowly tailored suspension to one that suspended all exemptions, including LSA-R.S. 47:305.-29, which previously benefited plaintiff.
Plaintiff, as appellee, argues that the suspension of a prior exemption amounts to a new tax, which by law cannot be enacted by a House Concurrent Resolution. Plaintiff fails to recognize that prior to the enactment of LSA-R.S. 47:305.29 in 1980, they were not exempt from the payment of the 3% State sales tax in effect at that *515 time. Plaintiff further fails to recognize that LSA-R.S. 47:331, which enacted the final 1% State sales tax thus increasing the tax from 3% to 4%, was a properly enacted tax statute. The Legislature by expression of clear intent, continued plaintiff’s exemption from the assessment of the 1% tax until the Legislature convened in 1986 when it chose to suspend all exemptions in an attempt to increase revenue to the State.
The legislative intent in H.C.R. # 55 is clear and suspends all such exemptions until June 30, 1988. Act 20 of the 1986 extraordinary session only clarifies H.C.R. #55, and keeps the period of suspension the same.
In further support of defendant’s argument, the 1988 legislature, in House Concurrent Act # 163, restated almost verbatim, its legislative intent expressed in both House Concurrent Act # 55 and Act 20 of the 1986 Extraordinary Session. 1988 H.C. R. # 163 extends the time limit for the suspension of the exemptions from July 1, 1988 to June 30, 1989.
Our review of the legislative acts and their intent, leads us to the conclusion that .the legislature intended and intends to suspend all exemptions of the final 1% state sales tax enacted by LSA-R.S. 47:331. For these reasons, the judgment of the trial court is reversed. All costs of this appeal are to be taxed to plaintiff/appellee.
REVERSED.
SHORTESS, J., concurs and assigns reasons.

. Concurrent resolutions to suspend laws are provided for by La. Const. Art. 3 § 20.